IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

| KEVIN GRAY HUTCHINGS, | ) | |
|---|---|---|
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIVIL NO. 07-179-MJR |
| | ) | |
| JUDGE MIHM, et al., | ) | |
| | ) | |
| Respondents. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Petitioner, currently an inmate in the United States Penitentiary in Jonesville, Virginia, brings this habeas corpus action pursuant to 28 U.S.C. § 2241. This case is now before the Court for a preliminary review of the petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts. Rule 4 provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

In June 2006, Petitioner pleaded guilty to various drug charges in the Central District of Illinois, for which he is serving a life sentence. In October 2006, he was transferred from federal prison to the Tazewell County Jail, in order that he would be available to testify against one of his alleged co-conspirators. He subsequently learned that his co-conspirator was going to enter into a

plea agreement, thus eliminating the need for Petitioner's presence for trial. Even so, Petitioner remained in the county jail for an unspecified time, and that is the primary basis for this action.

The first named respondent in this action is a federal judge. However, judges, being sued solely for judicial acts, are protected by absolute judicial immunity. *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991); *Forrester v. White,* 484 U.S. 219, 225-29 (1988); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001); *Scruggs v. Moellering,* 870 F.2d 376, 377 (7th Cir.), *cert. denied,* 493 U.S. 956 (1989). Accordingly, Defendant Mihn is dismissed from this action with prejudice.

Petitioner brings this action under the umbrella of habeas corpus law. 28 U.S.C. § 2241. Typically the writ of habeas corpus is used to completely free an inmate from unlawful custody. *Preiser v. Rodriguez*, 411 U.S. 475, 484-85 (1973). The writ has been extended, under certain circumstances, to allow a prisoner to challenge his transfer to a more restrictive confinement. *See, e.g., United States v. Harris*, 12 F.3d 735, 736 (7th Cir. 1994); *Graham v. Broglin*, 922 F.2d 379 (7th Cir. 1991).

> If the prisoner is seeking what can fairly be described as a quantum change in the level of custody – whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation, or the run of the prison in contrast to the approximation to solitary confinement that is disciplinary segregation – then habeas corpus is his remedy. *But if he is seeking a different program or location or environment, then he is challenging the conditions rather than the fact of his confinement and his remedy is under civil rights law....*

*Id.* at 381 (emphasis added); *Falcon v. U.S. Bureau of Prisons*, 52 F.3d 137, 138-139 (7th Cir. 1995).

In the instant case, Petitioner seeks a transfer from the county jail back to a Bureau of Prisons facility. Such a challenge does not request a "quantum change in the level of custody." Furthermore, as stated above, Petitioner has apparently been returned to a federal institution, thus

rendering this claim moot.

Petitioner also includes a claim that he was denied legal representation and access to the law library while in the county jail. As above, a claim regarding access to the courts does not implicate a "quantum change in the level of custody." As such, this claim must be brought under civil rights law, rather than habeas corpus.

While courts sometimes construe a mistakenly-labeled habeas corpus petitions as a civil rights complaint, *see, e.g., Graham*, 922 F.2d at 381-82 (collecting cases), it would be inappropriate to do so here, because petitioner would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub.L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915.

Therefore, the Court is unable to provide the relief sought. Accordingly, this habeas corpus action is **DISMISSED** without prejudice to Petitioner bringing his claims in a properly-filed civil rights action, accompanied by the full $350 filing fee or a motion for leave to proceed *in forma pauperis*.

The Clerk shall **CLOSE THIS CASE**.

**IT IS SO ORDERED.**

**DATED this 28th day of December, 2007.**

    **s/ Michael J. Reagan**
**MICHAEL J. REAGAN**
**United States District Judge**